IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 09-cv-02126-MSK-MJW

ISELO HOLDINGS, LLC,

    Plaintiff,

v.

INNOVATIVE TELESERVICES OUTSOURCING UNLIMITED, LLC, d/b/a Automated Research & Marketing; and
WILLIAM COONAN,

    Defendants.

_____

## OPINION AND ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER
_____

**THIS MATTER** comes before the Court pursuant to the Plaintiff's Motion for Temporary Restraining Order **(# 47)**.

According to the Amended Complaint **(# 27)**, the Plaintiff retained Defendant Innovative Teleservices Outsourcing Unlimited, LLC (hereafter referred to by its d/b/a initials, "ARM") to perform certain services, including collecting invoices from the Plaintiff's customers. The Plaintiff contends that ARM owes it approximately $ 120,000 collected on the Plaintiff's behalf but which ARM has failed to remit to the Plaintiff, an additional $ 165,000 in funds that the Plaintiff loaned to ARM and which were never repaid, and various other sums. The Complaint asserts six causes of action against ARM and/or its principal, Defendant Coonan: (i) conversion[1];

---

[1] The Complaint does not clearly indicate which state's common law governs the claims herein. The Court assumes, for purposes of this Order, that the Plaintiff's claims are asserted

(ii) unjust enrichment; (iii) a "claim" for imposition of a constructive trust; (iv) negligent misrepresentation; (v) a claim for "open account"; and (vi) civil theft in violation of C.R.S. § 18-4-401 *et seq.*

On December 9, 2009, the Plaintiff filed the instant Motion for Temporary Restraining Order **(# 47)**. The motion recites that on December 8, 2009, ARM ceased operations, notwithstanding the fact that Defendant Coonan had, on December 7, 2009, signed a declaration in this case that contained the assertion that "Business has been steadily increasing since I took over ARM in March 2008." *Docket* # 44, Ex. 1, ¶ 9. The Plaintiff expresses its concern that Defendant Coonan "has been siphoning [the Plaintiff's] assets that are wrongfully under his and ARM's control." The motion requests that the Court immediately: (i) grant the Plaintiff's currently-pending Motion for Preliminary Injunction[2] **(# 16)**; and (ii) "requir[e] that all distributions ARM has made to Coonan since the initiation of this lawsuit be frozen and placed in the Court's registry."

The instant Motion for Temporary Restraining Order expressly invokes Fed. R. Civ. P. 65(b). That rule provides that the Court can issue a temporary restraining order on an *ex parte* basis "only if" two criteria are satisfied: (i) that "specific facts in an affidavit or verified

---

under Colorado law.

[2]The injunction requested in that motion sought several types of relief: (i) that the Court "require [the Plaintiff's] clients . . . to direct all payments they make . . . to a mutually-agreeable escrow account maintained by a non-party"; (ii) that the Court "freeze all assets under ARM's or Coonan's custody or control that are traceable to [the Plaintiff's assets]"; (iii) the Court "prohibit ARM from making any asset transfers outside of the ordinary course of its business"; and (iv) that the Court "prohibit ARM and Coonan from making any disbursements to shareholders, members, managing members, etc."

This Motion was fully briefed by the parties as of December 7, 2009.

complaint show that immediate and irreparable injury . . . will result to the movant before the adverse party can be heard in opposition," and (ii) that "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

Neither of these requirements have been satisfied.  First, the Court notes that the Motion for Temporary Restraining Order is not supported by any affidavit.  The only attachments to the motion are a series of newspaper articles reporting that ARM has ceased operations.  These articles themselves are hearsay, at least insofar as the Plaintiff offers them for the truth of the matter asserted in them – *i.e.* that ARM has ceased operations.  *See e.g. New England Mut. Life Ins. Co. v. Anderson*, 888 F.2d 646, 650 (10th Cir. 1989).  Thus, they do not satisfy the requirement of Rule 65(b)(1)(A) that the fact of an imminent, irreparable injury appear via affidavit or verified complaint.[3]  For this reason alone, the motion must be denied.

---

[3] Moreover, the mere fact that ARM has ceased operations does not give rise to the presumption that the Plaintiff will imminently suffer an injury that is irreparable.  For one thing, the Plaintiff appears to be asserting only that ARM's actions are causing it monetary losses.  Such losses are not generally considered "irreparable" for purposes of affording injunctive relief.  *See generally Heideman v. South Salk Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003).

In addition, the Plaintiff does not explain how ARM's cessation of operations necessarily imperils ARM's ability to pay the amounts claimed by the Plaintiff.  It is entirely plausible that, notwithstanding ARM's shutdown, its assets – including any funds it holds for the Plaintiff – remain intact.  The Plaintiff's suspicion that Defendant Coonan is "siphoning off" funds from ARM for his own personal use is, at least on this record, utter speculation.  This is so even if the Court were to consider the declaration of Thomas Gordon, submitted in conjunction with the Plaintiff's preliminary injunction motion, as supplementing the instant motion for temporary restraining order.  Mr. Gordon states that, as part of merger negotiations, Defendant Coonan demanded employment and payment of additional sums of money.  Mr. Gordon states that he "inferred that Mr. Coonan wanted these additional sums to pay off his personal debts."  Whatever might be said of this "inference" by Mr. Gordon, it is clear that it related to demands for "additional sums" made by Defendant Coonan that were rejected; Mr. Gordon gives no reason for inferring that Defendant Coonan would thereafter use ARM's funds for his personal debts.  Similarly, Mr. Gordon's statement regarding "my fear that [the Plaintiff's] assets are in immediate danger of dissipation" is simply a conclusion, and articulates no facts supporting that assumption.

Moreover, the Plaintiff has failed to comply with Rule 65(b)(1)(B), in that its counsel has not certified in writing why notice of this motion to the Defendants should not be required. The Motion for Temporary Restraining Order recites that on December 9, 2009, the Plaintiff's counsel "contacted counsel for Defendants . . . and requested a prompt response," but that "Counsel for the Defendants has yet to respond." The very fact that the Plaintiff's counsel <u>attempted</u> to give notice of this motion to the Defendants suggests that the very predicate of a temporary restraining order – the threat that an injury will be suffered before opposing counsel can be heard in response – is not present here. This is an independent reason requiring denial of the motion.

Accordingly, the Motion for Temporary Restraining Order **(# 47)** is **DENIED**. The Court will consider the Plaintiff's preliminary injunction motion in due course.

Dated this 11th day of December, 2009

**BY THE COURT:**

*Marcia S. Krieger*
_____

Marcia S. Krieger
United States District Judge