IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-02126-MSK-MJW

ISELO HOLDINGS, LLC,

Plaintiff,

v.

INNOVATIVE TELESERVICES OUTSOURCING UNLIMITED LLC,
d/b/a Automated Research & Marketing, and
WILLIAM COONAN,

Defendants.

---

**RECOMMENDATION THAT DEFAULT ENTER AS AGAINST DEFENDANT INNOVATIVE TELESERVICES OUTSOURCING UNLIMITED LLC AND THAT SAID DEFENDANT'S COUNTERCLAIM BE DISMISSED**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to Magistrate Judge issued by District Judge Marcia S. Krieger on September 28, 2009.  (Docket No. 5).

In a Minute Order entered on January 5, 2010, this court granted the motion of Erin K. Brignola, Esq., to withdraw as counsel to defendants William Coonan and Innovative Teleservices Outsourcing Unlimited, LLC (Docket No. 49), finding good cause shown.  In addition, the court directed defendant William Coonan to forthwith retain new legal counsel or be prepared to proceed pro se on all future, motions, hearings and trial.  Also, the court directed defendant Innovative Teleservices

2

Outsourcing Unlimited, LLC, to retain new legal counsel on or before January 29, 2010, or show cause why default judgment should not enter against defendant Innovative Teleservices Outsourcing Unlimited, LLC.  This court noted in that Minute Order that the Tenth Circuit has a "long-standing" rule that a corporation must be represented by an attorney to appear in federal court.  Tal v. Hogan, 453 F.3d. 1244, 1254 & n. 8 (10th Cir. 2006); Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993).

Previously, during the Rule 16 Scheduling/Planning Conference on December 3, 2009, this court set a telephonic status conference for January 27, 2010, at 9:00 a.m.  The court directed plaintiff's counsel to create the conference call.  (See Docket No. 40, Courtroom Minutes/Minute Order).  On January 27, 2010, plaintiff's counsel called the court as directed.  Counsel advised that defendant William Coonan was notified by e-mail of the conference number to call into for this hearing.  That e-mail was not "kicked back" to plaintiff's counsel.  Nevertheless, Mr. Coonan did not call into the conference number, nor did he contact the court by telephone or in any other manner concerning the conference.  He did not seek a continuance of the conference.  In addition, at that time new counsel had not entered for defendant Innovative Teleservices Outsourcing Unlimited, LLC.

Rule 16(f) of the Federal Rules of Civil Procedure provides in pertinent part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference . . . . or (C) fails to obey a scheduling or other pretrial order."  Fed. R. Civ. P. 16(f).  Rule 37(b)(2)(A) (ii)-(vii), which is referenced in Rule 16(f), permits the following sanctions:

>   (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
>   (iii) striking pleadings in whole or in part;
>
>   (iv) staying further proceedings until the order is obeyed;
>
>   (v) dismissing the action or proceeding in whole or in part;
>
>   (vi) **rendering a default judgment against the disobedient party**;
> or
>
>   (vii) **treating as contempt of court the failure to obey any order** except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added). Rule 16(f)(2) further provides that "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses–including attorney's fees–incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an aware of expenses unjust." Fed. R. Civ. P. 16(f)(2).

Based upon the foregoing, on January 27, 2010, this court issued an Order to Show Cause and Order Resetting Telephone Status Conference (Docket No. 64) in which a Show Cause Hearing and a Telephone Status Conference were set for February 25, 2010, at 3:30 p.m. In that Order, this court directed Defendant Innovative Teleservices Outsourcing Unlimited, LLC, through counsel, and defendant William Coonan, either through counsel or without, to appear and show cause why a default judgment should not be rendered pursuant to Fed. R. Civ. P. 16(f) based upon their failure to appear for the January 27, 2010, telephonic status conference. Defendants were placed on notice that in addition to a recommendation that default judgment be

4

rendered, other sanctions that may very well be imposed were an award of the plaintiff's attorney fees and costs and a finding and order of contempt. In that Order (Docket No. 64), this court further directed that on or before February 8, 2010, the defendants were to file a response to the Plaintiff's Motion to Compel Responses to Its Combined First Set of Interrogatories and Requests for Production of Documents (Docket No. 61). No such response was filed, and this court ruled on the Motion. (See Docket No. 68).

During the telephone conference on February 25, 2010, no appearance by counsel was made on behalf of Innovative Teleservices Outsourcing Unlimited, LLC. Coogan advised that he did not have counsel and did not have the money to afford counsel for either himself or Innovative Teleservices Outsourcing Unlimited, LLC. He intends to represent himself individually. He cannot represent the corporation.

Based on the foregoing, it is hereby

**RECOMMENDED** that a default enter as against defendant Innovative Teleservices Outsourcing Unlimited, LLC, and that the counterclaim of defendant Innovative Teleservices Outsourcing Unlimited, LLC, be dismissed.

Dated: February 26, 2010       s/ Michael J. Watanabe
       Denver, Colorado        Michael J. Watanabe
                               United States Magistrate Judge