IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02126-MSK-MJW

ISELO HOLDINGS, LLC,

Plaintiff,

v.

INNOVATIVE TELESERVICES OUTSOURCING UNLIMITED LLC,
d/b/a AUTOMATED RESEARCH & MARKETING, and
WILLIAM COONAN,

Defendants.

**RECOMMENDATION REGARDING
PLAINTIFF'S SECOND MOTION FOR DEFAULT JUDGMENT BASED ON
DEFENDANT'S FAILURE TO COMPLY WITH COURT ORDERS
(DOCKET NO. 83)**

**U.S. Magistrate Judge Michael J. Watanabe**

This case is before this court on Plaintiff's Second Motion for Default Judgment Based on Defendant's Failure to Comply with Court Orders (Docket No. 83). The court has considered the subject motion (Docket No. 83), the response (Docket No. 86), and the reply (Docket No. 87). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and recommendation.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

On December 3, 2009, this Court held a Rule 16(b) conference, during which plaintiff Iselo Holdings, LLC ("Iselo"), informed the Court that the initial disclosures of the defendants, Innovative Teleservices Outsourcing Unlimited LLC d/b/a Automated

Research & Marketing ("ARM") and William Coonan ("Mr. Coonan"), were deficient insofar as they failed to disclose any documents or offer any calculation of damages to support the defendants' counterclaim. (*See* Docket No. 39.) Consequently, the Court ordered the defendants to fulfill their initial disclosure obligations. (*See id.*) Although defendants did eventually disclose some e-mails in support of their subsequently-filed reply brief in support of their motion to dismiss for lack of personal jurisdiction (*See* Ex. 1 to Docket No. 44), they never complied with the Court's order requiring them to provide a computation of their alleged damages.

At the Rule 16(b) hearing, the Court acknowledged the defendants' then-pending motion to dismiss and specifically determined that discovery should go forward while it was pending. Thus, the Court entered a Scheduling Order setting discovery deadlines in this matter. (*See* Docket Nos. 39 and 41.) That order directed the parties to finish discovery by May 12, 2010, and to file their dispositive motions by June 14, 2010. (*See* Docket No. 39 at 1-2; Docket No. 41 at 9.)

Defense counsel moved to withdraw just two days after defendants filed their reply brief in support of their motion to dismiss. (*See* Docket No. 49.) Since that date, defendant Mr. Coonan has refused to engage in any discovery.

Plaintiff Iselo has made numerous attempts to persuade Mr. Coonan to engage in discovery. On December 7, 2009, Iselo served ARM and Mr. Coonan with its First Combined Set of Interrogatories and Requests for Production of Documents. (*See* Ex. 1 to Docket No. 83.) In connection therewith, Iselo also asked that the defendants propose a date and location for their depositions. *(See id.)* Iselo proceeded to state, "Should [we] not hear back from you by December 21, 2009, [we] will proceed with

2

noticing the depositions during the aforementioned time frame, at [Iselo's counsels'] offices in Miami, Florida." (*Id.*)  The defendants never responded.

On December 21, 2009, Iselo followed up, noting the lack of response to its prior letter.  (*See* Ex. 2 to Docket No 83.)  Iselo again requested that ARM and Mr. Coonan propose dates and locations for their depositions, noting, "While we do not like to unilaterally set depositions, if we receive no response by [January 4, 2010], we will have no choice but to set the depositions for February 3-4, 2010, with the depositions taking place in Miami, Florida."  *(Id.)*   Again, there was no response by the defendants.

On January 5, 2010, defense counsel was permitted to withdraw from this case, and this Court issued an order directing ARM to retain new counsel on or before January 29, 2010, warning ARM that it would face default judgment if it failed to do so.  (Docket No. 59); *See* Tal v. Hogan, 453 F.3d 1244, 1254 (10th Cir. 2006) ("It has been our long-standing rule that a corporation must be represented by an attorney to appear in federal court.")

On January 6, 2010, Iselo sent the defendants a third letter.  (*See* Ex. 3 to Docket No. 83.)  Iselo enclosed notices of depositions for depositions to take place on February 17, and 18, 2010, at Iselo's counsels' Miami offices.  *(See id.)*  Again, Iselo offered to accommodate Mr. Coonan's schedule.  (*See id.* at 1.)   However, Iselo warned, "should [we] not hear back from you by January 4, 2010, [we] will operate on the basis that you. . . are available on the noticed date."  *(Id. at 1.)*  Once again, there was no response by the defendants.

The defendants' responses to Iselo's interrogatories and requests for production were due on January 11, 2010.  (*See* Docket No. 61 at 2.)  Defendants did not serve

3

responses. Accordingly, on January 15, 2010, Iselo moved the Court to compel the defendants to answer its discovery requests. *(See id.)* In connection therewith, Iselo also requested its attorneys fees and costs. *(Id. at 4.)*

Thereafter, on January 27, 2010, this Court held a telephonic status conference in the matter. (*See* Docket No. 63.) Defendants failed to appear. (*See* Ex. 4 to Docket No. 83.) After the hearing, this Court entered an order to show cause, directing the defendants to appear telephonically at a February 25 hearing and warning that the failure to do so could result in the entry of default or an order of contempt. (Docket No. 64 at 3–4.)

On January 28, 2010, Iselo moved the Court for relief from the expert witness deadlines set forth in the December Scheduling Order, pointing out that its ability to create an expert report had been hampered by the defendants' refusal to engage in written, documentary, or testamentary discovery. (Docket No. 65.) This Court granted this extension. (Docket No. 67.)

On February 10, 2010, Iselo sent the defendants a fourth letter. (*See* Ex. 5 to Docket No. 83.) In the letter, Iselo apprised the defendants of the fact that they had failed to meet the January 11 deadline for responding to Iselo's interrogatories and requests for production. *(Id.)* Iselo also emphasized the defendants' repeated failures to respond to Iselo's request that they agree on a time and place for their depositions. *(See id.)* Iselo then stated, "[Your] continued failure . . . to respond to Iselo's discovery requests forces Iselo to delay the depositions previously set for February 17 and 18. Absent preliminary document discovery, the scheduled depositions will not give Iselo a full and fair opportunity to explore all matters relevant to its claims and defenses." *(Id.)*

4

Accordingly, Iselo enclosed amended notices of deposition for ARM and Mr. Coonan, setting depositions on March 9 and 10 but leaving the door open for the defendants to propose other dates. *(Id.)* Neither Mr. Coonan nor ARM's Rule 30(b)(6) designee appeared for the re-noticed depositions.

The defendants also failed to respond to Iselo's motion to compel responses to its interrogatories and requests for production. Thus, on February 17, 2010, this Court deemed the motion confessed and ordered the defendants to respond to Iselo's written discovery requests by March 1, 2010. (Docket No. 68.)

On February 25, 2010, Mr. Coonan appeared telephonically at the show cause hearing. (*See* Docket No. 64.) During that hearing, this Court referenced its February 17 order requiring the defendants to answer Iselo's interrogatories and document requests by March 1, 2010. *(See id.)* Mr. Coonan did not object or assert that he lacked access to responsive documents. Nevertheless, no discovery responses were served by the defendants.

On February 26, 2010, this Court recommended that a default be entered against ARM for failure to comply with the order directing it to engage counsel. (Docket Nos. 71.) Promptly thereafter, Judge Krieger entered default against ARM. (Docket No. 78.)

On March 2, 2010, Iselo moved for relief from the previously-extended deadline for serving its expert report, citing to the ongoing lack of discovery as a roadblock. (Docket No. 72.) That motion was granted. (Docket No. 74.)

Also on March 2, in response to an inquiry by Iselo concerning Mr. Coonan's intent to comply with the Court's order compelling him to answer Iselo's interrogatories

and document requests, Mr. Coonan stated in an e-mail, "[ARM] is closed, the landlord locked me out, and business records were inside. . . . This case should and will be dismissed and at this point all I can do is await that eventuality." (Ex. 6 to Docket No. 83.)

Based on Mr. Coonan's ongoing refusal to engage in discovery, Iselo moved for the entry of a default judgment against him. (Docket No. 75 at 4.) Alternatively, Iselo requested that the Court enter a second order compelling Mr. Coonan to respond to Iselo's discovery requests and appear for his deposition. (*id*. at 5.) Iselo also requested its fees and costs. *(See id.* at 5–6.) Shortly thereafter, this Court set a hearing on the motion for May 5, 2010, ordering Mr. Coonan and Iselo's counsel to appear at the hearing *in person* and warning Mr. Coonan that his failure to appear could result in a default judgment against him. (Docket No. 75.)

On the eve of the May 5, 2010, hearing, Mr. Coonan filed a two-page "response" in which he claimed that he had no money to travel to the hearing and that he lacked access to any of ARM's records because ARM's Tulsa landlord had locked the business out. (*See* Docket No. 81 at 1–2.)

Mr. Coonan did not appear at the May 5, 2010 hearing. (*See* Docket No. 82.) At the hearing, the Court denied Iselo's motion for entry of the sanction of default judgment but granted its alternative motion to compel, once again ordering Mr. Coonan to engage in discovery, setting a new deadline of May 28, 2010 (i.e., more than two weeks after discovery in this matter was to have been completed pursuant to the December Scheduling Order). *(See id.)* Mr. Coonan did not comply with that order.

Rule 16(f) provides, *in pertinent part*, that "[o]n motion or on its own, the court

6

may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference . . . . or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Rule 37(b)(2)(A)(ii)-(vii), which is referenced in Rule 16(f), permits the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> **(v) dismissing the action or proceeding in whole or in part;**
>
> **(vi) rendering a default judgment against the disobedient party**; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii) (emphasis added). Rule 16(f)(2) further provides that "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses--including attorney's fees-- incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an aware of expenses unjust." Fed. R. Civ. P. 16(f)(2).

The Court's "discretion to choose a sanction is limited in that the chosen sanction must be both 'just' and 'related to the particular "claim" which was at issue in the order to provide discovery.'" Ehrenhaus v. Reynolds, 965 F.2d 916, 920-21 (10th Cir. 1992) (citation omitted). Pursuant to Fed. R. Civ. P. 37(b)(2)(A)(vi), "when a party fails to comply with a discovery order, the Court may impose a default judgment against the disobedient party as a sanction." New Age Elecs., Inc. v. Spectrum Comms. Group,

Inc., 2007 WL 1395327, *2 (D. Colo., May 9, 2007) (unpublished opinion). However, prior to doing so, the Court must consider the factors set forth in Ehrenhaus, namely: "(1) the degree of actual prejudice to the [injured party]; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant, . . . (4) whether the court warned the party in advance that dismissal of the action would be likely sanction for noncompliance, . . . and (5) the efficacy of lesser sanctions." Ehrenhaus, 965 F.2d at 921 (internal quotations and citations omitted); *see* Gates Rubber Co. v. Bando Chem. Indus., 167 F.R.D. 90, 101 (D. Colo. 1996).

The sanction of dismissal, including default judgment, "is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co., 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting Ehrenhaus, 965 F.2d at 921). While the Court is mindful of the fact that "[d]efault judgment is a harsh sanction," it is justified when " 'predicated upon willfulness, bad faith, or [some] fault of petitioner' rather than the inability to comply." Signer v. Pimkova, 2007 WL 1058578, *1 (D. Colo. Apr. 6, 2007) (unpublished decision) (citations omitted). Applying the factors as set out in Ehrenhaus, this Court concludes that default judgment is an appropriate sanction in this case.

    1.    **Degree of actual prejudice to the plaintiff** - This Court finds that Plaintiff has suffered substantial actual prejudice as a result of Defendant Coonan's intransigence. Defendant Coonan's unwillingness to comply with his discovery obligations has essentially brought this case to a grinding halt as outlined above. Defendant Coonan's failures to comply with Court orders concerning discovery have, in essence, blocked

8

Plaintiff's ability to conduct and complete discovery timely, delayed the resolution of this case, and caused Plaintiff to incur significant attorney fees and costs in an effort to obtain discovery from Defendant Coonan. In combination, such delay and expense satisfy the first factor in Ehrenhaus;

2. **Amount of interference with the judicial process** - This Court finds that Defendant Coonan's willful failures to comply with his discovery obligations and Court orders directing him to provide discovery to Plaintiff have interfered substantially with the judicial process. Progress toward the resolution of this case has been brought to a standstill by Defendant Coonan's inexplicable and unexcused failure to provide discovery. Defendant Coonan's disregard of the Court's rules concerning discovery and the Court's orders is inherently contumacious and has "hindered the court's management of its docket and its effort to avoid unnecessary burdens on the court and the opposing party." Mobley v. McCormick, 160 F.R.D. 599, 601 (D. Colo. 1995) (quoting Jones v. Thompson, 996 F.2d 261, 265 (10th Cir. 1993)). Accordingly, the second factor in Ehrenhaus is satisfied;

3. **Defendant Coonan's culpability** - This Court finds that Defendant Coonan has failed to comply with his discovery obligations and other obligations as a party to this case. Nothing in the record indicates that there is any real and justified reason for Defendant Coonan's non-compliance other than Defendant Coonan's recusant decision to flout the

rules applicable to this lawsuit and the Court's orders. This Court finds that Defendant Coonan intentionally has disregarded his obligation to comply with the Federal Rules of Civil Procedure and the orders of this Court. Defendant Coonan's intentional disregard satisfies the third factor in Ehrenhaus;

4. **Warning that dismissal is a sanction for non-compliance** - This Court previously warned Defendant Coonan on three occasions that severe sanctions, including default judgment, could be entered for failure to comply with discovery orders. Defendant Coonan has been given ample warning that default judgment is the likely sanction for his refusal to comply with his discovery obligations and the orders of this court. See orders (docket nos. 64, 77, 82);

5. **Efficacy of lessor sanctions** - This Court finds that Defendant Coonan has been given ample opportunity to comply with his discovery obligations and this Court's orders and ample warning of the consequences of his non-compliance. These efforts have been ineffective.

In this case all five of the relevant factors as outlined in Ehrenhaus weigh heavily in favor of default judgment as a sanction for Defendant William Coonan's failiure to comply with his discovery obligations and the orders of this Court. The aggravating factors substantially outweigh the judicial system's strong predisposition to resolve cases on their merits. Meade v. Grubbs, 841 F.2d 1512, 1521 n.7 (10th Cir. 1988). Having reviewed the record, this Court concludes that it is highly unlikely that any

sanction short of default judgment would motivate Defendant William Coonan to comply with his obligations in this case. Applying the standards applicable under Fed. R. Civ. P. 37, 41, Gripe v. City of Enid, Okl., 312 F.3d 1184, 1188 (10th Cir. 2002), and Ehrenhaus, 965 F.2d at 918, this Court concludes that default judgment on the Amended Complaint in favor of the Plaintiff and against Defendant William Coonan is the appropriate sanction for Defendant William Coonan's intransigence.

## RECOMMENDATION

**WHEREFORE,** based upon these findings of fact and conclusions of law, it is hereby **RECOMMENDED:**

1. That Plaintiff's Second Motion for Default Judgment Based on Defendant's Failure to Comply with Court Orders (docket no. 83) be **GRANTED**;

2. That pursuant to Fed. R. Civ. P. 16(f), Fed.R.Civ.P. 37(b)(2)(A)(vi), Gripe v. City of Enid, Okla., 312 F.3d 1184, 1188 (10th Cir. 2002), and Ehrenhaus v. Reynolds, 965 F.2d 916, 918 (10th Cir. 1992), (1) a default judgment on the Amended Complaint be entered in favor of Plaintiff Iselo Holdings, LLC, and against Defendant William Coonan, (2) Defendant William Coonan's counterclaim (see Docket No. 39 at 9-10) be dismissed, and (3) Mr. Coonan be directed to pay the Plaintiff's reasonable attorney fees and costs occasioned by Mr. Coonan's failure to participate in discovery;

3. That if this **RECOMMENDATION** is accepted, that the pending

motions for a preliminary injunction (Docket No. 16), to dismiss (Docket No. 17), and for a temporary restraining order, which has been construed as a motion to stay (Docket Nos. 29 & 31), be **DENIED** as **MOOT**; and

4. That default judgment on the Amended Complaint be entered in favor of Plaintiff Iselo Holdings, LLC, and against Defendant Innovative Teleservices Outsourcing Unlimited LLC d/b/a Automated Research & Marketing, noting Docket No. 78, Judge Krieger's Order entering default against Defendant Innovative Teleservices Outsourcing Unlimited LLC d/b/a Automated Research & Marketing and dismissing its counterclaim.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colorado Dep't of Corrections*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Signed and Dated: July 16, 2010  
Denver, Colorado

BY THE COURT:

s/Michael J. Watanabe  
MICHAEL J. WATANABE  
United States Magistrate Judge