IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02126-MSK-MJW

ISELO HOLDINGS, LLC,

Plaintiff,

v.

INNOVATIVE TELESERVICES OUTSOURCING UNLIMITED LLC,
d/b/a AUTOMATED RESEARCH & MARKETING, and
WILLIAM COONAN,

Defendants.

---

## ORDER REGARDING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES
## (DOCKET NO. 97)

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiff's Motion for Attorney's Fees (docket no. 97). The court has reviewed the subject motion, the attached Affidavit of David A. DeMarco in Support of Plaintiff's Motion for Attorney's Fees (docket no. 97-1), the itemized billing statement (docket no. 97-2), the internet web page for David A. DeMarco (docket no. 97-3), the internet web page for Daniel E. Gonzalez (docket no. 97-4), and the internet web page of Brian L. Lerner, P.A. (docket no. 97-5). The Defendant William Coonan **did not file** any response to the subject motion. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following finding of fact and conclusions of law.

2

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

On September 10, 2010, Judge Krieger entered her Opinion and Order Denying

Motion to Dismiss and Imposing Sanctions (docket no. 93).  In this Order, Judge Krieger

entered sanctions against Defendant William Coonan.  In particular, Judge Krieger

ordered Mr. Coonan to pay for Plaintiff's costs and attorney's fees incurred in

addressing Mr. Coonan's violation of discovery rules and orders, with the amount of

such fees and circumstances of payment to be determined according to the procedure

set forth therein.  See pages 23 and 24 of Judge Krieger's Order (docket no. 93).

The benchmark for an award of attorney's fees under nearly all of the federal

statutes authorizing an award of attorney's fees is that the amount of the fees awarded

be reasonable.  Pennsylvania v. Delaware Valley Citizen's Council for Clean Air, 478

U.S. 546, 562 (1986).  "The lodestar figure - reasonable hours times reasonable rate - is

the mainstay of the calculation of a reasonable fee."  Anderson v. Secretary of Health &

Human Servs., 80 F.3d 1500, 1504 (10th Cir. 1996).

In this case, the court has considered those factors as outlined in the cases of

Poolaw v. City of Anadarko, Okl., 738 F.2d 364 (10th Cir. 1984), and Blanchard v.

Bergeron, 489 U.S. 87 (1989).  Taking these factors into consideration, this court finds

that the hourly rates charged and the time spent by all of Plaintiffs' attorneys in

addressing Mr. Coonan's violation of discovery rules are fair and reasonable hourly

rates for attorneys practicing law in  Denver, Colorado, with the level of legal experience

for Mr. DeMarco, Mr. Gonzalez, and Mr. Lerner.  Furthermore, the court finds that the

sum of $12,482.89 in attorney's fees is fair, reasonable, and necessary.

3

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this

court **ORDER**S:

1.  That Plaintiff's Motion for Attorney's Fees (docket no. 97) is

    **GRANTED**; and

2.  That Defendant William Coonan shall pay to Plaintiff Iselo Holdings,

    LLC, the sum of $12,482.89 in attorney's fees on or before

    November 24, 2010.

Done this 4th day of November 2010.

BY THE COURT

S/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge