IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 09-cv-02126-MSK-MJW

ISELO HOLDINGS, LLC,

      Plaintiff,

v.

INNOVATIVE TELESERVICES OUTSOURING UNLIMITED, LLC d/b/a/
Automated Research & Marketing, and
WILLIAM COONAN,

      Defendants.

---

OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

---

**THIS MATTER** comes before the Court pursuant to Plaintiff Iselo Holdings, LLC's ("Iselo") Motion for Summary Judgment **(# 105)**. Defendant William Coonan has not filed a response.[1]

An extensive recitation of the facts is unnecessary. Iselo entered into an agreement with Mr. Coonan and Innovative, Mr. Coonan's business, by which Innovative would conduct telemarketing services for Iselo's clients and collect fees from those clients. Innovative would remit the collected fees to Iselo, and Iselo would make specified payments to Innovative for its efforts. The collaboration was successful and the parties began discussing a merger. Iselo advanced certain monies to Mr. Coonan in anticipation of the merger, but the deal fell through. Iselo now seeks repayment of the monies it advanced Mr. Coonan, as well as fees that Innovative

---

[1]The Court entered default against Defendant Innovative Teleservices Outsourcing Unlimited ("Innovative") **(# 78)**. To date, Iselo has not sought to reduce that default to a default judgment.

collected on Iselo's behalf but did not remit.

Iselo seeks summary judgment against Mr. Coonan on three of its claims: (i) conversion, in that Mr. Coonan has refused to surrender possession of $ 585,000 in various assets belonging to Iselo; (ii) unjust enrichment, in that Mr. Coonan received $ 585,000 of Iselo's assets in anticipation of the failed merger, and failed to return them when the merger fell through[2]; and (iii) negligent misrepresentation, in that Mr. Coonan misrepresented his willingness to enter into an agreement regarding the $ 585,000 he held as assets he held for Iselo, and Iselo justifiably relied on those representations to its detriment.

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary. *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Substantive law governs what facts are material and what issues must be determined. It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof and identifies the party with the burden of proof. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir.

---

[2]Iselo initially purported to assert a "claim" for constructive trust, but recognizes in the motion that imposition of such a trust is a remedy for unjust enrichment, not a claim in its own right.

2002).

If the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence. *See* Fed. R. Civ. P. 56(c)(1)(A). Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999). If there is a genuine dispute as to a material fact, a trial is required. If there is no genuine dispute as to any material fact, no trial is required. The court then applies the law to the undisputed facts and enters judgment.

Where, as here, the non-movant fails to file a response to the motion, the Court may treat all properly-supported facts asserted by the movant as undisputed and proceed to grant summary judgment in the movant's undisputed showing demonstrated that it is entitled to such judgment. Fed. R. Civ. P. 56(e)(2), (3).

The Court has some doubt that it is necessary to address each of Iselo's claims separately. All three claims at issue involve the same facts and seek the same relief; the claims differ only insofar as they posit alternative theories of liability for the same conduct. Although a party may plead claims in the alternative, Fed. R. Civ. P. 8(d)(2), the Court will not enter judgment on alternative theories. Fed. R. Civ. P. 54(b). Because Iselo appears to request the same $ 585,000 as relief on each of its claims, the Court will consider only the first claim presented – conversion – as that claim alone is sufficient to warrant a judgment in the full amount of $ 585,000.

To prove a claim for conversion, Iselo must show: (i) Mr. Coonan exercised dominion or control over property belonging to Iselo, (ii) Iselo made demand for the property's return; and

(iii) Mr. Coonan refused that demand.  *Glen Arms Assocs. v. Century Mortg. & Inv. Corp.*, 680 P.2d 1315, 1317 (Colo. App. 1984).  Iselo has produced evidence sufficient to establish each of these elements.  It has demonstrated that, in the course of its business or in anticipation of the merger, it allowed Mr. Coonan to take possession of various asserts belonging to Iselo with a total value of $ 585,000; that Iselo intended that Mr. Coonan would retain possession of those assets only pending completion of the anticipated merger; that the merger discussions fell through and Iselo demanded the return of its $ 585,000 in assets; and that Mr. Coonan nevertheless refused to return the assets.  These facts are sufficient to warrant a judgment against Mr. Coonan for conversion.

Accordingly, the Court **GRANTS IN PART** Iselo's Motion for Summary Judgment (# **105**), finding that Iselo is entitled to a judgment against Mr. Coonan in the amount of $ 585,000. The Clerk of the Court shall enter such judgment in favor of Iselo.

Iselo shall have 21 days from the date of this Order within which to move for a default judgment against Innovative, failing which Iselo's claims against Innovative will be dismissed *sua sponte* for failure to prosecute and the case will be closed.

Dated this 29th day of September, 2011

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge